305 So.2d 18 (1974)
SAUL J. MORGAN ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
57TH AVENUE DEVELOPMENT CORPORATION, Appellee.
No. 74-696.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 10, 1975.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellant.
Horton, Perse & Ginberg, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Chief Judge.
The appellant, defendant in the trial court, seeks review of a final judgment in favor of the plaintiff following a trial without jury.
The plaintiff and defendant entered into an option agreement for the purchase of real property. The plaintiff was the prospective buyer and the defendant the prospective seller. The option agreement included a provision allowing for a certain discount in the sales price if the seller paid cash. This provision also required a ten-day written notice of the intent to pay cash. It read as follows:
* * * * * *
"5. (c) * * * Optionee shall have the option to pay all cash for subject property over and above the unpaid balance of the note secured by Banker's mortgage as of the date of closing, and if Optionee exercises such option, then Optionee shall give Optionor not less than 10 days' written notice prior to the date of closing of the election of such option by Optionee, and thereupon the purchase price will be reduced by the sum of $34,975.00." [emphasis added]
* * * * * *
The plaintiff exercised its option to buy, and a closing date was set. It is undisputed that no written notice of intent to pay cash was ever sent by the plaintiff to the defendant, either within or without the ten-day time period. Closing was held, at which time the plaintiff tendered cash and demanded the discount. The defendant refused to allow the discount because of lack of notice. The defendant gave the *19 plaintiff a choice of paying part cash, executing a purchase money mortgage and taking title subject to a prior mortgage, or paying cash in full above the existing mortgage, all in accordance with the agreement of purchase and sale. The plaintiff paid in cash above the existing mortgage, but was not given the discount. Subsequently, the plaintiff brought suit to recover the amount of the discount. The trial court rendered judgment for the amount of the discount and in said judgment the following is found:
"* * * The Court is of the view and so concludes as a matter of fact that the plaintiff did properly exercise the option contained in paragraphs 4 and 5 of the Option Agreement of July 28, 1971 and particularly paragraph 5(c) thereof and based upon said conclusion the defendant would be indebted to the plaintiff * * *"
* * * * * *
We reverse. The discount was only available under the clear terms of the option agreement if the ten-day notice, in writing, was given. It was conceded that no such written notice was given and there was no evidence of a waiver of this requirement but, to the contrary, there was evidence as to the economic necessity of the grantor being accorded advance notice of whether or not it was going to be expected to close receiving approximately $600,000.00 in cash or whether it was going to have to close receiving $350,000.00 in cash and the balance by a purchase money mortgage. We find that the ruling of the trial court varied the terms of the written agreement and it was not the province of the trial judge to rewrite the agreement between the parties. Home Development Company of St. Petersburg, Inc. v. Bursani, Fla. 1965, 178 So.2d 113; All-Dixie Insurance Agency, Inc. v. Moffat, Fla.App. 1968, 212 So.2d 347; International Expositions, Inc. v. City of Miami Beach, Fla.App. 1973, 274 So.2d 29.
Therefore, we reverse the judgment here under review, with directions to enter a final judgment in favor of the defendant, dismissing the plaintiff's cause of action.
Reversed and remanded, with directions.
CHARLES CARROLL, Associate Judge, dissents.