David H. Brind, J.
At the trial of this matter the defendant was called by the plaintiff as his only witness. The plaintiff’s attendance was waived by his attorney and he did not testify. The gravamen of this action revolves about a sale of certain jewelry on approval. A memorandum of sale was submitted to the court which was signed by both the plaintiff and the defendant. The memorandum stated that the plaintiff *297 was purchasing certain Indian jewelry for the sum of $500, but if the jewelry were not acceptable, the seller would accept its return and refund $440 of the purchase price to the buyer. The memorandum in question is silent as to the time within which such jewelry had to be returned by the buyer to the seller.
The court allowed the defendant, over the objection of plaintiffs counsel, to testify to a contemporaneous oral agreement between the buyer and seller to the effect that the jewelry had to be returned by the following Monday evening, or the sale would be deemed completed. The plaintiff did not contact the defendant until the following Wednesday of the same week, two days after the orally agreed upon deadline. The plaintiff at that time tendered the return of the jewelry stating that they were not acceptable and demanded the return of $440 of his purchase price. The defendant refused to accept the jewelry or to return the money, stating the sale had been completed in accordance with the agreement.
The law of this case is governed by the Uniform Commercial Code of the State of New York. There is no question that the written memorandum complies with the requirements of the Statute of Frauds (Uniform Commercial Code, § 2-201). The court is bound by the unrebutted testimony of the defendant as to the terms of the oral agreement concerning the return of the merchandise if it is properly admissible.
New York Jurisprudence (vol 50, Sales, § 27, pp 554-555) states that the memoranda set forth in writing "may be explained or supplemented by evidence of consistent additional terms, unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement. However, such additional terms must supplement and cannot contradict or vary the terms of the writing. Thus, where there is no definite date fixed for delivery in a sale contract, parol evidence is admissible to prove an oral agreement as to the date of delivery”.
See, also, Merrick v New York Subways Adv. Co. (14 Misc 2d 456, 459) wherein the court held
"Viewing the contract it cannot be said that the allegations of the complaint are insufficient or violate the parol evidence rule. The written part of the contract (the form) clearly is incomplete on its face since it makes reference to matters which clearly refer to oral understandings between the parties. Accordingly, plaintiffs have properly pleaded and may *298 prove the entire contract set forth in the complaint and parol evidence of the additional terms of the contract necessary to complete same is admissible since plaintiffs do not seek to vary the terms of the written contract but simply to supply the missing terms to a writing patently imcomplete on its face. Where a writing does not contain, on its face, the entire agreement between the parties, parol evidence, not inconsistent with its terms, may be received, not to contradict it but to show the real contract (Routledge v. Worthington Co., 119 N.Y. 592; Dickinson v. Dickinson, 273 App. Div. 1055).”
There is no question that under the Uniform Commercial Code that unless agreed upon, the goods must be returned "seasonably” (Uniform Commercial Code, §§ 2-326, 2-327). Returning the merchandise within one week as is the situation in the present case would ordinarily be seasonable or within a reasonable time. However, where there is an agreement setting forth a specific time limit, the court is bound to enforce such limit.
Section 2-202 of Uniform Commercial Code compels a court to allow oral testimony supplementing the written agreement where not inconsistent and where the writing is not intended as a complete and exclusive statement of the terms of the agreement. The court finds the absence of an agreed upon time limit, that type of omission which comes within the area provided for in this statute. There is nothing inconsistent with the defendant’s testimony inasmuch as the written memorandum makes no reference to the time of return of the merchandise. Likewise it cannot be said that the written memorandum is a complete and exclusive statement of the terms of the agreement since the time of return is an important part of the arrangement between the parties. Is it therefore such an additional term that the parties would certainly have included it in the written document if it had been agreed upon and consequently one not to be admitted on trial? The Appellate Division in Hunt Food & Inds. v Doliner (26 AD2d 41) interpreting section 2-202 of the Uniform Commercial Code held that under like circumstances the oral testimony must be admitted. The court held: "So the first question presented is whether that term is 'consistent’ with the instrument. In a sense any oral provision which would prevent the ripening of the obligations of a writing is inconsistent with the writing. But that obviously is not the sense in which the word is used (Hicks v. Bush, 10 N Y 2d 488, 491). To be inconsistent the *299 term must contradict or negate a term of the writing. A term or condition which has lesser effect is provable.
"The Official Comment prepared by the drafters of the code contains this statement: 'If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of fact.’ (McKinney’s Uniform Commercial Code, Part 1, p. 158.)
"Special Term interpreted this language as not only calling for an adjudication by the court in all instances where proof of an 'additional oral term’ is offered, but making that determination exclusively the function of the court. We believe the proffered evidence to be inadmissible only where the writing contradicts the existence of the claimed additional term (Meadow Brook Nat. Bank v. Bzura, 20 A D 2d 287, 290). The conversations in this case, some of which are not disputed, and the expectation of all the parties for further negotiations, suggest that the alleged oral condition precedent cannot be precluded as a matter of law or as factually impossible. It is not sufficient that the existence of the condition is implausible. It must be impossible (cf. Millerton Agway Co-op v. Briarcliff Farms, 17 N Y 2d 57, 63-64).” (Emphasis, supplied.) (See, also, 17 ALR3d 1032, which interprets Uniform Commercial Code § 2-202, subd [b] similarly.)
Therefore, the court finds that parol evidence as to the agreement setting forth the time within which the merchandise was to be returned if not acceptable, is admissible to supplement the written memorandum and further finds that Mitchill v Lath (247 NY 377) decided by the Court of Appeals in 1928, cited by the plaintiff, does not apply herein as its application to the instant case has been changed by legislative enactment (Uniform Commercial Code, § 2-202, subd [b]) which took effect in 1964.
Since the parol evidence as to such agreement stands unrebutted, the court must find that the plaintiff failed to comply with the parties’ agreement to the return of the goods by Monday evening, the consequence of which is that title therein passed to the plaintiff, and the defendant is under no legal obligation to accept the return thereof.
The complaint of the plaintiff is hereby dismissed, without costs.