443 So.2d 442 (1984)
HOMESTEAD PROPERTIES, a General Partnership, Appellant,
v.
Carlos SANCHOO and Bibi Sanchoo, Appellees.
No. 83-941.
District Court of Appeal of Florida, Third District.
January 10, 1984.
*443 Richard Hersch, Miami, Marcus & Marcus, Homestead, for appellant.
Jeffrey M. Feuer, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The Sanchoos entered into a contract to purchase a residence from Homestead Properties. Upon execution of the contract, the purchasers deposited $1,000 and subsequently deposited $9,000. They applied for financing and several months later were notified that they had qualified. Ultimately, the Sanchoos informed Homestead that the contract was cancelled because they had failed to sell two other properties which they owned and depended upon for cash to close. The instant action was filed in circuit court seeking the return of the buyers' $10,000. From an order awarding the Sanchoos their deposit money, the seller appeals.
In essence, the purchasers argue that the notification from the bank was a qualification conditional on their sale of the two other properties. Having failed to sell these properties, the buyers theorize they were not qualified for a mortgage and thus, the return of their deposit was required.
We disagree based on the plain and unambiguous terms of the mortgage rider which provides in pertinent part:
I understand that you are not arranging for my mortgage, nor requiring me to use your recommended lender. This Rider will, however, be deemed void if I elect not to use your recommended lender or if I fail to perform my obligations under this Rider on time and I will then be required to close as if the agreement were for all cash. I further understand that you are not participating in the decision as to whether or not I will qualify for a mortgage. Obtaining the mortgage is entirely my responsibility.
I will be deemed qualified for purposes of this Rider regardless of conditions attached to the approval relating to matters outside the purchase and sale transaction, matters of title or execution of documents. Any change in my financial condition prior to closing or any other change which results in refusal of the lender to close the loan shall render this Rider void and I will be required to close for all cash.
Clearly, under these clauses, the purchasers were qualified despite their failure to sell other properties. In the alternative, the Sanchoos agreed that if all means and methods of financing were unavailable, they would close for all cash. Thus, under either provision, the buyers defaulted on the contract and their deposit has been forfeited. Because the trial court incorrectly rewrote the contract to provide otherwise, we reverse.
Reversed and remanded with directions to enter judgment in favor of the sellers.