513 So.2d 677 (1987)
Russell MAHLER, Appellant,
v.
ALLIED MARINE, Leon P. Smith and Dwight Tracy, Appellees.
No. 86-2986.
District Court of Appeal of Florida, Third District.
August 25, 1987.
Rehearing Denied November 2, 1987.
*678 McCune, Hiaasen, Crum, Ferris & Gardner and Randall L. Leshin, Fort Lauderdale, for appellant.
Merrill & Pollack and Gary Pollack, North Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
According to the clear and unambiguous terms of an August 3, 1983, agreement for the purchase, pending sea trial, survey and inspection, of a $460,000 yacht, the appellant Mahler stood to lose his $20,000 deposit if he did not transmit a "[w]ritten or telex acceptance or rejection on or before August 10, 1983."[1] It is well-settled that, in a transaction like this, in which the prospective purchaser has the right to the use of the goods pending approval, and which is described as a "sale on approval," see §§ 672.326-.327, Fla. Stat. (1985),[2] the terms specifying the manner or time in which the purchaser must act are controlling. Thus, it is said in 3 R. Anderson, Uniform Commercial Code § 2-326:16 (3d ed. 1983),
UCC § 2-326 and 2-327 regulate the transaction that becomes a sale when the buyer approves the goods. It is thus a conditional sale, the transferring of title that is essential to a sale being made dependent upon the satisfaction of the condition precedent of the buyer's approving.
Such approval may be made expressly or by conduct that expresses approval or by conduct that is inconsistent with nonapproval and with the continued ownership of the goods by the seller.
The approval may be manifested by the absence of any communication or conduct and the lapse of time. If the contract states a time for approval, the expiration of that time constitutes an "approval." If no time is stated in the contract, the lapse of a reasonable period of time has that effect. [e.s.]
See George v. Davoli, 91 Misc.2d 296, 397 N.Y.S.2d 895 (Geneva City Ct. 1977) (specific time period for return of goods sold on sale or return basis enforceable even if less than "seasonable" under section 2-327 of the UCC); Poole v. Smith's Car Sales (Balham), Ltd., [1962] 2 All E.R. 482, 93 A.L.R.2d 333, 338 (1964) ("If the parties have fixed a time for the property to pass, then the property will pass at that time."); cf. Annot., Time for Return of Goods Sold on "Sale or Return" Absent Specific Time Provision in Contract, 93 A.L.R.2d 342 (1964). Since it is undisputed that Mahler did not, formally or otherwise, reject the vessel until September 18, 1983, well after the time provided,[3] the application of this principle requires approval of the trial *679 court's directing a verdict against him in this action for return of the deposit.
It should be noted that Mahler does not claim that the vessel did not conform to any applicable warranty or other requirement of the law of sales. See 3 R. Anderson, supra, § 2-326:15 ("The return contemplated by UCC § 2-326 is to be distinguished from the right of the buyer to reject nonconforming goods or to revoke acceptance and return nonconforming goods." [footnotes omitted]). Instead he seeks to invoke only the terms of the written agreement itself. That attempt must founder upon the rocks of the immutable general rule that competent parties are held to the agreements into which they have freely, although perhaps unwisely, entered, Home Development Co. v. Bursani, 178 So.2d 113 (Fla. 1965), and the particular ingredient of the rule that the failure to comply with a contractual time requirement precludes the successful invocation of a right which is contingent upon its being followed. See Homestead Properties v. Sanchoo, 443 So.2d 442 (Fla. 3d DCA 1984); Saul J. Morgan Enters. v. 57th Ave. Dev. Corp., 305 So.2d 18 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 586 (Fla. 1975); see also National Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 43 (Fla. 1984); Sun Bank v. Lester, 404 So.2d 141 (Fla. 3d DCA 1981), pet. for review denied, 412 So.2d 467 (Fla. 1982). There is no other error.
Affirmed.
NOTES
[1] "August 10, 1983" was written into the form on the front of the contract. "Small print" on the rear of the agreement provided in part:

10. If Buyer fails to provide written or Telex acceptance to Broker on or before acceptance date, Buyer shall be deemed to have accepted the vessel.
* * * * * *
12. In the event, after written, telex or deemed acceptance of the vessel, the Buyer fails to pay the balance of the purchase price and execute all papers necessary to be executed by the Buyer for the completion of this purchase on or before closing date, any and all funds paid as of this closing date shall be retained by the Seller and Broker as liquidated and agreed damages and the parties shall be relieved of all obligations under this agreement. The sum shall be divided equally between Seller and Broker, after all expenses incurred by the Buyer against the vessel have been paid from the sum retained.
[2] Ships are "goods" under the UCC in Florida. § 672.105(1), Fla. Stat. (1985); Puamier v. Barge BT 1793, 395 F. Supp. 1019 (E.D.Va. 1974).
[3] On August 6, Mahler did send a telex in which he challenged several aspects of the condition of the vessel as revealed during the ongoing sea trial. As he himself, admitted, however, this communication was merely an attempt to have the alleged defects corrected and was, at most, he said, a "conditional acceptance," which did not conform to the August 10th deadline requirement.

Mahler also contends that the August 10th date was inconsistent with the provision that the sale was subject to "sea trial and survey, inspection satisfactory to the Buyer, to be conducted as soon as practical after the execution of this agreement." Mahler says that any reasonable survey and other inspection would have required and, in fact, did require much longer than the one-week period for acceptance or rejection which expired on August 10th. The answer to this argument is that both provisions, including the August 10th date, were specially bargained for and arrived at by obviously knowledgeable parties. If Mahler could not indeed make a reasoned decision by August 10th, and wished to retain the deposit, his remedy was to reject the vessel by that date and get his money back or, perhaps, enter into further negotiations in which his options might remain open. But he did not take this course. And we are able to see neither an ambiguity nor inconsistency in the trial-survey and the date-for-rejection clauses nor any reason why the latter  which, after all, controls and limits the period in which the purchaser may use the seller's property without risk or cost  should not be strictly enforced according to its terms.