SCHWARTZ, Chief Judge.
The appellant, Copy Service, Inc., a large commercial copier, appeals from a money judgment rendered after a non-jury trial for the amount due for a copying machine it had purchased from the appellee. We affirm.
The appellant’s primary contention is that it had not agreed to buy the machine, but had placed it on its premises for testing merely on approval, see Mahler v. Allied Marine, 513 So.2d 677 (Fla. 3d DCA 1987); §§ 672.326-.327, Fla.Stat. (1985); it argues that since it had given timely notice of its intention to reject the merchandise, it was not liable for the purchase price. See Mahler, 513 So.2d at 677. We cannot agree. The agreement sued upon, which is unambiguously denominated as “Equipment and Supplies Contract” and provides that the appellant both enters an “order” for the equipment in question and agrees to pay for it in cash, is wholly inconsistent with a “sale on approval” transaction. See Mahler, 513 So.2d at 678. The appellant relies heavily upon the portion of the agreement which states, under the title “Special Instructions,” that
present RICOH copier to be adjusted to customers satisfaction by Jan. 10, 1986 or copier will be replaced with a new unit.
In fact, this clause is not helpful to the purchaser. It simply provides that if the particular unit being used by the appellant were not satisfactory, it would be replaced by another. There is nothing in this provision — which was not in fact invoked by the appellant — which may be deemed to alter its obligation to pay the seller. Finally, the correctness of the conclusion below and here is forcefully demonstrated by contrasting the present agreement with the one they entered into several days before. That “Demonstration and Trial Contract,”[1] through which the appellant was given the right to use the copier in its business without any obligation to purchase, is a classic embodiment of “sale on approval.” As the trial court found on all of the evidence, see Clark v. Clark, 79 So.2d 426 (Fla.1955), the one sued upon in this case, which was entered into after the approval period had run, was simply an agreement of purchase and sale.
The appellant also claims that the agreement is invalid because it was signed only by a salesman on behalf of the seller without a corporate endorsement of a formal “Acceptance by Florida Copy Corp.,” as required on the face of the instrument. See Meekins-Bamman Prestress, Inc. v. Better Construction, Inc., 408 So.2d 1071 (Fla. 3d DCA 1982). Even assuming that further formal acceptance by the seller was required in order to bind the purchaser, compare Better Construction, Inc., 408 So.2d at 1074 (failure of seller’s principal to accept sales agreement relieves seller of obligation), that acceptance was clearly established both by the delivery of the merchandise by the seller, see 77 C.J.S. Sales § 28(d) (1952), and the bringing of this action to enforce the agreement. Both effected a waiver of the term upon which the appellant relies. See 77 C.J.S. Sales § 28(b).
The appellant's remaining points concerning the denial of a continuance and the failure to disqualify appellee’s counsel *249 present no error. See In re Gregory, 313 So.2d 735 (Fla.1975); Flea Market, U.S.A., Inc. v. Cohen, 490 So.2d 210 (Fla. 3d DCA 1986).
Affirmed.

. The copier, model RICOH 5070AFS, Serial #6550515725, its accessories and supplies remain the property of Florida Copy Corporation until such time as customer buys, leases, or rents said copier from Florida Copy Corporation.
Florida Copy Corporation reserves the right to remove said copier, accessories and supplies during normal working hours (9:00 A.M. to 5:00 P.M., Monday through Friday, excluding legal holidays) without notice, until such time as customer buys, rents or leases said copier.
The demonstration and/or trial shall commence 12-26-85 and terminate 12-31-85. Customer may make 1000 copies on said copier and the overage to be billed at 5 [cents] per copy.