HUBBART, Judge.
The plaintiff Dan Galasso Waste Service, Inc. brought a breach of contract action below against the defendant Judy Hemery d/b/a La Baguette for improperly terminating waste collection services which the plaintiff provided to the defendant pursuant to a written contract between the parties. The defendant answered denying any liability and ultimately obtained a final summary judgment in its favor; the basis for the summary judgment was that the defendant had properly terminated the contract under a provision allowing for such termination upon giving sixty days notice of same. The defendant then made a motion for attorney’s fees under a clause in the subject contract which provided:
“ATTORNEYS’ FEES: In the event of a breach of this agreement by either party, the breaching party shall pay all reasonable attorney’s fees, collection fees, and costs of the other party incident to any action brought to enforce this agreement.” (emphasis added).
It was the defendant’s position that the plaintiff was in “breach of this agreement,” under the above-stated contractual provision, by failing to recognize that the contract had been terminated and in bringing the instant lawsuit; accordingly, the defendant urged that she was entitled to attorney’s fees under the contract. The trial court agreed, granted the subject motion, and entered an order awarding attorney’s fees to the defendant in the amount of $1,744.00; the plaintiff appeals.
We reverse the order under review because, simply stated, the plaintiff was not “in breach of this agreement” and was therefore not “the breaching party” under the above-stated provision of the contract —a prerequisite to an attorney’s fee recovery thereunder. Simply by incorrectly perceiving its legal rights under the contract and bringing an action to enforce these rights as it perceived them, the plaintiff was not, as urged, in “breach of this agreement” — else every unsuccessful action for breach of contract would itself become a breach of contract, a result totally unrecognized by our law. Stated differently, the plaintiff committed no actionable breach of *1358 contract by misperceiving its rights under the contract and in unsuccessfully bringing an action to enforce them; indeed, the defendant quite properly filed no counterclaim below for breach of contract against the plaintiff, as no such cause of action could possibly be maintained. This being so, the defendant was not entitled to an award of attorney’s fees under the above-stated provision of the contract.[1]
The trial court, however, construed the aforesaid provision of the contract to mean that the “prevailing party” in any action brought under this contract was entitled to attorney’s fees; this being so, the court reasoned that the defendant, as the prevailing party in the subject action below, was entitled to attorney’s fees under the contract. We disagree. There is no such “prevailing party” language in the contract and to construe it in this manner is to rewrite the contract, a result strictly forbidden by well-established principles of contract law.[2] Moreover, we are constrained by prevailing case law to strictly construe any provision in a contract providing for attorney’s fees so as to deny such fees in close cases because an award of such fees is in derogation of the common law.[3] Plainly, under the terms of this contract, there must be a “breach of this agreement by either party,” before “the breaching party” is required to pay attorney's fees; and, as previously stated, there was no such breach in this case.
The defendant’s only remedy, if any, in this case was to file a motion for attorney’s fees under Section 57.105, Florida Statutes (1987), on the ground that the plaintiff’s action presented no justiciable issue of law or fact; no such motion, however, was ever filed below by the defendant. The attorney’s fee order under review is therefore
Reversed.

. See, e.g., Burnett v. Brito, 478 So.2d 845, 848 (Fla. 3d DCA 1985); Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 664 (Fla. 5th DCA 1983); Ocala Warehouse Inv., Ltd. v. Bison Co., 416 So.2d 1269, 1270 (Fla. 5th DCA 1982).

. Homestead Properties v. Sanchoo, 443 So.2d 442, 443 (Fla. 3d DCA 1984); National Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078, 1080 (Fla. 3d DCA), rev. denied, 453 So.2d 43 (Fla.1984).

. Rivera v. Deauville Hotel, Employers Serv. Corp., 277 So.2d 265 (Fla.1973); Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360, 363 (Fla. 3d DCA), rev. denied, 480 So.2d 1295 (Fla.1985); Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323, 1324 (Fla. 2d DCA 1982).