239 N.J. Super. 191 (1990)
570 A.2d 1277
JAMES MCKENNA AND ALICE MCKENNA, PLAINTIFFS-RESPONDENTS,
v.
BARRY ROSEN AND ANN ROSEN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 21, 1989.
Decided March 7, 1990.
*192 Before Judges PRESSLER, LONG and GRUCCIO.
Hooley, Butler, DiFrancesco & Kelly, attorneys for appellants (Gerald C. Kelly, on the brief).
Katherine R. Dupuis, attorney for respondents.
The opinion of the court was delivered by GRUCCIO, J.A.D.
The sole issue on this appeal is whether the issuance of a conditional mortgage commitment constitutes grounds for cancellation of a real estate contract containing a clause requiring the issuance of a firm written commitment for a 30-year conventional mortgage. We hold that it does and affirm.
On April 13, 1988, plaintiffs James and Alice McKenna (purchasers) entered into a contract to purchase a home in Scotch Plains, New Jersey, from defendants Barry and Ann Rosen (sellers). The contract purchase price was $245,000 upon which the purchasers paid the required deposit of $12,000. The contract contained the following clause:
This agreement is contingent upon obtaining, by or for the purchaser, a firm written commitment for a 30 year conventional mortgage in the amount of $140,000 at prevailing rates of interest for 30 years, with monthly payments *193 based on a 30 year payment schedule, secured by a first mortgage on the premises. The purchaser agrees to make immediate application for such financing, to pay prevailing origination fees, and to cooperate actively with the broker and the seller, to obtain such mortgage financing. If the mortgage commitment is not obtained by 5/31/88, this contract shall be null and void unless the purchasers immediately waive benefit of the mortgage contingency clause in writing, and consider the clause as having been fully satisfied. The sellers may also, in writing, extend the time within which the purchasers may obtain the required mortgage commitment. If there is no such written waiver or extension, this contract will have been voided by the mutual consent of both the purchaser and the seller as of June 7, 1988.
The mortgage commitment date was extended to June 6, 1988, on which date the purchasers requested an additional extension. Later that day, they received a mortgage commitment which contained the following provision:
APPLICANT/BORROWER TO PROVIDE:
....
A4. Evidence that the sale of borrower's previous residence ... has been completed resulting in net proceeds of at least $90,000. These funds are necessary to consumate [sic] this transaction. * * * A bridge loan is not an acceptable alternative to our receipt of a HUD Form 1 on your prior residence unless specifically approved by Midlantic Home Mortgage Corporation. * * *
The purchasers' home had been on the market for three months without success notwithstanding the fact that its price had been reduced and that it was the lowest-priced residence in the area. Accordingly, the purchasers' attorney informed the sellers' attorney that the purchasers would not be able to accept the conditional commitment and thus were required to void the agreement of sale.
The sellers took the position that the contract did not allow for termination if the commitment was conditional and refused to return the purchasers' deposit. The purchasers filed suit for the return of their deposit and moved for summary judgment. In granting their motion, Judge Weiss found Judge Imbriani's reasoning in Farrell v. Janik, 225 N.J. Super. 282, 542 A.2d 59 (Law Div. 1988), applicable and persuasive. Like Judge Weiss, we find Judge Imbriani's reasoning in Farrell sound and applicable here.
*194 In Farrell, the mortgage commitment included a condition similar to the one at issue here. It provided that "prior to or simultaneously with the acquisition of the subject property [the buyers must obtain] a fully executed sales contract [for their home] ... in the minimum amount of $275,000." Id. at 286, 542 A.2d 59 (brackets in original). Like the purchasers here, the purchasers in Farrell realized that they could not meet the condition and canceled the contract. The sellers refused to refund their deposit. Id. at 286-287, 542 A.2d 59.
Judge Imbriani held:
This contract required a "firm written commitment" and the buyers emphasize the word "firm"; however, the court believes it is redundant. It was or should have been clear to the sellers that what the buyers wanted and needed was a loan that was subject to no conditions or only conditions that were within their sole control.... It is inconceivable that any seller could believe that a buyer would agree to be bound by a contract if the loan commitment contained conditions beyond their sole ability to satisfy. [Id. at 287, 542 A.2d 59].
He accordingly concluded that the buyers had not secured the necessary firm commitment for a mortgage loan and were therefore entitled to the return of their deposit. Id. at 288, 542 A.2d 59. We find Judge Imbriani's reasoning sound. The purchasers here were offered a conditional commitment, not a "firm written commitment." The satisfaction of the mortgage's condition was not within their power to control.
The sellers assert that Farrell was incorrectly decided and argue that it is wrong to equate the words "firm commitment" with "unconditional commitment." Instead, they contend that, unless there was express language in the contract of sale allowing the purchasers to void the contract if they could not sell their own house, the purchasers had assumed whatever risks might attend the issuance of their mortgage commitment. This simply begs the question. The real issue is whether this was, in fact, a "firm" mortgage commitment. Even if there was no provision in the contract indicating it could be voided if the purchasers failed to sell their current home, the bank is not prevented from making the sale a condition of financing. If a bank puts a condition in its commitment and the purchasers *195 have no control over whether it can be met, obviously, that makes the commitment less than "firm."
Sellers' contention that purchasers should forfeit their deposit fails to address the fact that the mortgage contingency clause also benefits the sellers by requiring that they be promptly informed of the purchasers' inability to close, allowing them to relist their property immediately. While parties are always free to agree to a more restrictive contract, such should be the result of freely negotiated agreements based upon sound legal advice. Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 42, 161 A.2d 717 (1960).
The sellers' contention also fails to address the difference between a contingency which is within the purchasers' sole power to fulfill and a contingency over which the purchasers have no control. A mortgage-loan-contingency clause certainly requires the purchasers to use their best efforts to comply with any and all conditions imposed by the lending institution as a pre-condition for obtaining the loan. Farrell, 225 N.J. Super. at 287, 542 A.2d 59. There are some contingencies which are within the control of a purchaser and would not make the commitment any less firm. For example, being required to produce verification of employment in order to obtain a mortgage would be within the purchaser's control. A mortgage commitment with this type of contingency is still a firm commitment. However, when the contingency is not within the power of the purchaser to control, such as the requirement that he obtain a specified amount on the sale of his house, then the mortgage commitment obviously is not financing he can be assured of securing. Similarly, in Tieri v. Orbell, 192 Pa.Super. 612, 162 A.2d 248 (Pa. Super. Ct. 1960), the Pennsylvania Superior Court held that a financing condition in a contract of sale "certainly does give to the buyer the right to seek his own mortgage, and he cannot be forced to go ahead with the purchase by having thrust upon him a type of financing which the sellers happen to think is reasonable." 162 A.2d at 250.
*196 The sellers contend that the clause in the contract which requires the purchasers to close if they secure a "firm commitment" for a mortgage does not require that the commitment be unconditional. However, the term "firm commitment," read in light of the situations of the parties reveals that the purchasers intended to be bound to the sales contract only if they could secure a mortgage commitment with contingencies they had the power to fulfill.
In New Jersey, as a general rule, a contract must be construed as a whole. The language employed must be given its ordinary, reasonable meaning absent anything to show that it was used in a different sense. Friedman v. Tappan Development Corp., 22 N.J. 523, 530-531, 126 A.2d 646 (1956); McKee v. Harris-Seybold Co., 109 N.J. Super. 555, 562, 264 A.2d 98 (Law Div. 1970), aff'd, 118 N.J. Super. 480, 288 A.2d 585 (App. Div. 1972); see also 4 Williston, Contracts (3 ed. Jaeger 1961) § 618 at 705. Here, the purchasers agreed to buy the sellers' property on the condition that they could obtain a firm written commitment for a mortgage. Looking at the purchasers' position and considering the ordinary meaning of the word "firm," it would not be logical for them to agree to a contract requiring them to accept a mortgage commitment subject to contingencies beyond their ability to control.
The interpretation which we give to the contract here, as in Farrell, is one which realistically allows for a determination of whether a mortgage commitment is firm. A purchaser has secured a firm commitment if any contingency is within his power alone to fulfill. If the fulfillment of the contingency is not within the sole control of the purchaser, the language of the contingent commitment should be interpreted to relieve him of his obligation under the realty contract. In such a case, the purchaser clearly bargained for the right to void the land purchase contract when the contingency could not be met. The purchasers are, therefore, entitled to a release of their deposit.
Affirmed.