599 A.2d 1307

JOHN E. TRUE AND ELIZABETH T. TRUE, PLAINTIFFS–APPELLANTS, v. CHARLES LAMARCA AND VIRGINIA LAMARCA, DEFENDANTS–RESPONDENTS, AND MERRILL LYNCH, A CORPORATION, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted October 30, 1991—Decided December 26, 1991.

Before Judges GAULKIN, BRODY and LANDAU.

*Nichols, Thomson, Peek & Meyers,* attorneys for appellants (*Kenneth S. Meyers,* on the brief).

*Strauss & Tauriello,* attorneys for respondents (*Joe E. Strauss,* on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Plaintiffs (purchasers) brought this action to recover $10,000, their deposit on the purchase of a single-family residence from defendants Charles and Virginia Lamarca (sellers). The sale was not consummated because by failing to sell their own home purchasers did not have the cash they needed to close and to satisfy a condition in their mortgage commitment. Purchasers had represented in the contract of sale that they had enough cash to close if they obtained the mortgage described in the mortgage contingency clause of the contract. That representation, however, was not true. Judge Mahon found that if purchasers' cash position were as they had represented it to be, their mortgage commitment would have been unconditional and they would have been able to close. He accordingly entered judgment for sellers.[1] We affirm.

On June 1, 1987, the parties entered into a contract whereby purchasers agreed to buy sellers' home for $275,000, contingent upon purchasers' obtaining a $180,000 mortgage. Purchasers

---

[1] The amount of the judgment is not in dispute. There is evidence that sellers' loss of the bargain far exceeded the amount of the deposit.

owned two other homes at the time: a townhouse that they were occupying and a condominium that they had purchased three months earlier but never occupied. They purchased the townhouse in 1986 and placed it on the market in early 1987 with the expectation of moving into the larger condominium. However, because no one met their asking price for the townhouse, and because they did not want to own two homes at once, they had contracted before June 1 to sell the condominium.

Purchasers knew when they entered into the present contract that they would not have enough cash to close, even with a $180,000 mortgage, without the proceeds from the sale of both the condominium and the townhouse. Nevertheless, they made the following representation in the contract:

15. Purchaser Financially Able. Purchaser represents that Purchaser has sufficient cash available (together with mortgage or mortgages referred to above) to complete this purchase.

The attorney who represented purchasers in connection with the present sale testified that his clients needed the proceeds from the sale of both the condominium and the townhouse to close, but that he never told that fact to sellers' attorney. When asked whether he had thought it advisable to provide in the contract that the sale would be contingent upon those sales, he responded, "Frankly, I didn't think that would be acceptable [to the sellers]."

Purchasers applied for only a $150,000 mortgage instead of the $180,000 mortgage referred to in the mortgage contingency clause. They closed title on the sale of the condominium while their mortgage application was pending. In order to close with sellers, purchasers still needed $62,500 cash even with the $150,000 mortgage loan and the cash that they had. After appraising purchasers' financial situation, the bank issued a commitment for a $150,000 mortgage on condition that purchasers present the "[s]ettlement statement for [the townhouse] to net a minimum of $62,500." Purchasers failed to sell the

townhouse before October 30, the closing date that sellers by then had made of the essence.

Judge Mahon employed the following reasoning based on the following findings:

> Nowhere in the contract is paragraph 15 qualified by the Trues. Nowhere do they say that they will need to sell their present home before they can purchase the Lamarca property. What they did say was that they had sufficient cash to consummate the transaction, and the Lamarcas were entitled to rely on that representation. Indeed, it was the absence of that cash that created the condition which was set forth in the mortgage commitment.
>
> If plaintiffs had disclosed that they did not have the cash, then defendants would have been able to fairly evaluate the risk. By not disclosing it, plaintiffs attempted to shift that risk to the unknowing sellers.

Purchasers do not question the judge's findings that the bank made the mortgage commitment conditional because they needed $62,500 to close and that sellers were unaware when they entered into the contract that purchasers would not have the cash needed to close unless they sold two homes.

Purchasers contend that the judge erroneously based his holding on their contractual misrepresentation. Relying on our holding in *McKenna v. Rosen*, 239 *N.J.Super.* 191, 570 *A.*2d 1277 (App.Div.1990), they argue that the contract, including the misrepresentation, never came into effect because they were unable to obtain an unconditional mortgage commitment, a precondition of the contract.

We held in *McKenna* that a mortgage commitment conditioned on the purchasers' realizing $90,000 from the sale of their home did not satisfy a mortgage contingency clause and therefore the purchasers were entitled to void the contract—even though the contract did not make the sale of the purchasers' home a condition of the sale. *Id.* at 194–195, 570 *A.*2d 1277.

We need not endorse or reject the holding in *McKenna* because, unlike the purchasers here, the purchasers there did not expressly represent in the contract of sale that they had cash which, together with the cash from the mortgage loan referred to in the contract, would be sufficient for them to pay

the purchase price. By making that representation, purchasers in effect agreed that a mortgage commitment conditioned on their having enough cash to close would satisfy the mortgage contingency clause. Of course, purchasers' failure to have enough cash to close does not excuse their breach of the contract. *Homestead Properties v. Sanchoo,* 443 *So.*2d 442 (Fla.App. 3 Dist.1984).

Affirmed.