# Third District Court of Appeal
## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0632
Lower Tribunal No. 22-21819-CA-01
_____


**Sebastian Pesantes**,
Appellant,

vs.

**Ryan Kelley**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

EPGD Attorneys at Law, P.A., and Carla Llaneza and Oscar A. Gomez, for appellant.

Mathison Whittles, LLP, and John R. Whittles and Elizabeth F. Mercedes (Palm Beach Gardens), for appellee.


Before EMAS, SCALES, and MILLER, JJ.

SCALES, J.

In this tort action alleging claims arising out of a real estate contract, appellant Sebastian Pesantes ("Seller"), the defendant below, appeals an April 3, 2024 final order denying Seller's motion seeking entitlement to contractual attorney's fees. The trial court's order follows appellee Ryan Kelley's ("Buyer"), the plaintiff below, voluntary dismissal of Buyer's lawsuit against Seller. Seller sought fee entitlement pursuant to the prevailing party attorney's fees provision contained in the parties' "As Is" Residential Contract for Purchase and Sale ("Contract") – a standard agreement approved by The Florida Association of Realtors and The Florida Bar. Because the parties failed to comply with the Contract's pre-suit mediation requirement – as expressly required by the Contract's dispute resolution provision, and as contemplated by its attorney's fees provision – we affirm the trial court's determination that Seller is not entitled to prevailing party attorney's fees in this case.[1]

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The Parties Execute the Contract and Buyer Files a Tort Action without the Parties First Going to Mediation

On March 23, 2022, the parties executed the Contract, whereby Buyer agreed to purchase Seller's Miami home. Paragraph 10(j) of the Contract

---

[1] Seller does not appeal that aspect of the challenged order denying Seller entitlement to attorney's fees based on Seller's proposal for settlement.

contains a "SELLER DISCLOSURE" providing that "Seller knows of no facts materially affecting the value of the Real Property which are not readily observable and which have not been disclosed to Buyer." After closing on the sale and moving into the home, Buyer allegedly discovered significant defects in the home that Seller had allegedly concealed from, and/or negligently failed to disclose to, Buyer prior to the parties executing the Contract.

Paragraph 16 of the Contract requires that the contracting parties attempt to settle any dispute "arising out of" the Contract through mediation prior to filing a legal action in court (i.e., mediation is a condition precedent to filing suit):

> **16. DISPUTE RESOLUTION**: Unresolved controversies, claims or other matters in question between Buyer and Seller arising out of, or relating to, this Contract or its breach, enforcement or interpretation ("Dispute") *will* be settled as follows:
>
> . . . .
>
> (b) Buyer and Seller *shall* attempt to settle Disputes in an amicable manner through mediation . . . . Disputes not settled pursuant to this Paragraph 16 may be resolved by instituting action in the appropriate court having jurisdiction of the matter. This Paragraph 16 shall survive Closing or termination of this Contract.

(Emphasis added).

3

Paragraph 17 of the Contract contains the attorney's fees provision at issue in this appeal:

> **17. ATTORNEY'S FEES; COSTS:** The parties will split equally any mediation fee incurred in any mediation permitted by this Contract, and each party will pay their own costs, expenses and fees, including attorney's fees, incurred in conducting the mediation. *In any litigation permitted by this Contract*, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation. This Paragraph 17 shall survive Closing or termination of this contract.

(Emphasis added).

Notwithstanding paragraph 16's clear pre-suit mediation requirement of claims "arising out of" the Contract, Buyer bypassed mediation and filed the instant tort action against Seller in the Miami-Dade County circuit court, alleging claims for Seller's fraudulent misrepresentations and/or negligent failure to disclose the defects.[2] While Seller did not seek to have Buyer's

---

[2] At oral argument, Buyer's appellate counsel (also trial counsel) candidly conceded that the claims alleged in Buyer's operative amended complaint arose out of the Contract and, therefore, were subject to paragraph 16's pre-suit mediation requirement. See Caufield v. Cantele, 837 So. 2d 371, 378 (Fla. 2002) (recognizing that "claims of fraudulent misrepresentation concerning the subject matter of the contract do 'arise out of the contract'"); Certain Interested Underwriters at Lloyd's London v. Pitu, Inc., 95 So. 3d 290, 293 n.3 (Fla. 3d DCA 2012) (interpreting "arising out of" to mean "originating from," "having its origin in," "growing out of," "flowing from," "incident to," or "having a connection with" (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996))).

4

lawsuit dismissed for the parties' failure to comply with the Contract's pre-suit mediation requirement, Seller's responsive pleading alleged that Buyer's tort action was governed by the Contract and included a demand for contractual attorney's fees pursuant to paragraph 17 of the Contract.[3]

### B. Buyer Voluntarily Dismisses the Action and Seller Seeks Entitlement to Contractual Attorney's Fees

Nine months into the litigation, Buyer filed a notice of voluntarily dismissal and the trial court entered an order dismissing the action. Seller then filed a motion seeking entitlement to attorney's fees pursuant to paragraph 17 of the Contract.

After holding a hearing on Seller's fee entitlement motion, the trial court entered the challenged April 3, 2024 order denying the motion, finding that Buyer's lawsuit was not "ligation permitted by this Contract." Seller timely appealed the trial court's April 3, 2024 final order.

## II. ANALYSIS[4]

---

[3] At oral argument, counsel for both parties stated that the parties had waived paragraph 16's pre-suit mediation requirement.

[4] "When the determination of entitlement to attorney's fees depends on the trial court's interpretation of a contractual attorney's fees provision or a statute, this Court reviews the order de novo." Fla. First Fin. Servs., LLC v. Randolph, 350 So. 3d 820, 823 (Fla. 1st DCA 2022).

The Contract's dispute resolution provision (paragraph 16) expressly requires the parties to attempt to resolve any dispute "arising out of this contract" through mediation before the dispute "may be resolved by instituting action" in the circuit court. This provision plainly sets forth a condition precedent to filing suit. The Contract's attorney's fees provision (paragraph 17) clearly contemplates that the parties will comply with this pre-suit mediation requirement, because the attorney's fees provision provides that (i) the parties will pay their own attorney's fees incurred in conducting the mediation "permitted by this Contract," but that (ii) the prevailing party will pay the non-prevailing party's attorney's fees incurred in conducting the litigation "permitted by this Contract."

Construing the Contract's dispute resolution and attorney's fees provisions harmoniously in order to give effect to all portions of these interrelated provisions, and giving the provisions' terms their plain meaning, the right to prevailing party attorney's fees in litigation of a claim "arising out of" the Contract is triggered (i.e., "permitted") *only* where the parties' have participated in the pre-suit mediation required by paragraph 16 and have reached an impasse (i.e., "not settled") at such pre-suit mediation. See City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000) (recognizing the "well-settled principle[] of contractual construction" that courts are required

6

"to read provisions of a contract harmoniously in order to give effect to all portions thereof"); Fla. Inv. Grp. 100, LLC v. Lafont, 271 So. 3d 1, 4-5 (Fla. 4th DCA 2019) ("A key principle of contract interpretation is that 'courts must not read a single term or group of words in isolation.'" (quoting Am. K-9 Detection Servs., Inc. v. Cicero, 100 So. 3d 236, 238 (Fla. 5th DCA 2012))); Acceleration Nat'l Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc., 541 So. 2d 738, 739 (Fla. 3d DCA 1989) ("In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.").

In other words, the Contract specifically *limits* fee entitlement to the prevailing party in lawsuits "permitted by" the Contract. Had the Contract's drafters intended for a broader application of fee entitlement – that is, for a prevailing party in any lawsuit "arising out of" the Contract to be entitled to fees – the drafters would have included the same, broad "arising out of" language that the drafters employed in paragraph 16. They did not, and this Court is powerless to rewrite the parties' agreement. See Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So. 2d 1000, 1003 (Fla. 2d DCA 1995).

7

It is undisputed that Buyer's operative amended complaint alleged claims arising out of the Contract that were subject to paragraph 16's pre-suit mediation requirement. The parties' decision to forgo pre-suit mediation did not make Buyer's lawsuit "permitted" so as to trigger entitlement to prevailing party attorney's fees under paragraph 17. "[W]hen the terms of a voluntary contract are clear and unambiguous, as here, the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties." Id.; see also Dan Galasso Waste Serv., Inc. v. Hemery, 528 So. 2d 1356, 1358 (Fla. 3d DCA 1988) ("[W]e are constrained by prevailing case law to strictly construe any provision in a contract providing for attorney's fees so as to deny such fees in close cases because an award of such fees is in derogation of the common law."). We, therefore, are compelled to affirm the challenged order denying Seller's motion for contractual attorney's fees.[5]

Affirmed.

---

[5] In reaching this conclusion, we are mindful that the result of this appeal might be viewed as unfair by some because the subject form agreement clearly contemplates that the contracting parties will comply with the pre-suit mediation requirement and, Buyer, simply by failing submit this dispute to mediation prior to filing this lawsuit, has avoided paying attorney's fees to Seller, the prevailing party in the lawsuit. This result, though, is dictated by the narrow language of paragraph 17's attorney's fees provision.