RIVER DEVELOPMENT CORP., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE LIBERTY CORPORATION, A CORPORATION OF THE STATE OF PENNSYLVANIA, DEFENDANT-RESPONDENT.

DAVID D. FURMAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *AMICUS CURIAE*, EDWARD J. O'MARA, *AMICUS CURIAE*, COUNSEL FOR PENNSYLVANIA R. R. COMPANY.

Argued February 2, 1959—Decided March 2, 1959.

*Mr. Louis B. LeDuc* argued the cause for plaintiff-appellant.

*Mr. Josiah E. DuBois, Jr.,* argued the cause for defendant-respondent (*Messrs. DuBois and DuBois,* attorneys).

*Mr. David D. Furman,* Attorney General of New Jersey, argued as *amicus curiae,* attorney *pro se* (*Mr. Sidney Kaplan,* Deputy Attorney General; *Mr. Morton I. Greenberg,* Legal Assistant, on the brief).

PER CURIAM. Subject to the qualifying comments to be set forth, the judgment is affirmed for the reasons expressed in the comprehensive opinion of the Appellate Division, 51 *N. J. Super.* 447 (1958).

Under part VIII of the opinion it was declared that plaintiff's statutory authorization or license to reclaim the subaqueous land in question had been lost by abandonment. Ordinarily, a conclusion that a license in land has terminated in that fashion must be reached with great caution. Since

abandonment bespeaks a voluntary relinquishment and involves the element of intention, mere non-user, though a factor to be considered, is not of itself adequate to sustain such a finding. *Raritan Water Power Co. v. Veghte*, 21 *N. J. Eq.* 463 (*E. & A.* 1869). But when it is accompanied by a course of conduct or circumstances inconsistent with an intention to exercise a particular incorporeal license, relinquishment thereof may be adjudged. 1 *C. J. S. Abandonment* §§ 3, 4. In the present case, non-user appears to have been the major factor leading the Appellate Division to its determination of abandonment. And undoubtedly the accompanying circumstances, evaluated in the light of the reason for the grant by the Legislature, *i. e.*, the desire on the part of the original licensees to erect wharves and piers and to make such other improvements "as they may find necessary to facilitate their business," point in the direction of abandonment.

 In our judgment, however, the end result reached may be based more appropriately on a somewhat different principle. It offends reason and doctrine to insist that the license to reclaim conferred a vested right in perpetuity in the underwater lands. Such a right must be considered as surviving only for a reasonable time. By implication of law the assumption must be indulged that the parties intended the receiver of the license to reclaim and thereby to acquire actual ownership of the fee within a period of time which would be reasonable under the facts and circumstances surrounding and characterizing the transaction. The situation may be likened to the grant of an option to purchase land. If its duration is not stipulated, the law assumes that the parties intended the exercise to take place within a reasonable time. If it does not, the option will be deemed to have expired. *Taylor v. Wells*, 188 *Or.* 648, 217 *P. 2d* 236 (1950); *Durepo v. May*, 73 *R. I.* 71, 54 *A. 2d* 15, 172 *A. L. R.* 429 (1947); 1 *American Law of Property* (1952) § 3.83. Here the license to reclaim had remained unexercised for more than 86 years when the asserted transfer to plaintiff was made. Application of the reasonable

time principle in the factual setting makes it manifest that any rights thereunder had then expired.

The Appellate Division concluded that the license under discussion had not been revoked by *L.* 1891, *c.* 124. The trial court was of the contrary opinion. In view of the result reached, there is no need to resolve the problem in this court. For that reason it is expressly reserved.

PROCTOR, J. (concurring). I agree that the judgment of the Appellate Division should be affirmed. However, I would limit the affirmance to the ground set forth in subdivision IX of Judge Goldmann's opinion, *i. e.,* that the license or privilege granted by the 1869 act could not be conveyed to the plaintiff separate from the upland and for a use not necessary to facilitate the business of the railroad.

PROCTOR, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*For reversal*—None.