186 So.2d 640 (1966)
George C. SCHROEDER, Jr.
v.
Abraham KRUSHEVSKI and Thomas N. Musser, d/b/a Mus-Tay Realty Company.
No. 2197.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1966.
*642 Thomas L. Giraud, New Orleans, for plaintiff-appellant.
Jesse S. Guillot, New Orleans, for defendant-appellee.
Fiasconaro, Heisler & Windhorst, Frederick P. Heisler, New Orleans, for defendant-appellant.
Before YARRUT, CHASEZ and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff George C. Schroeder, Jr., as purchaser, brought this suit against defendants Abraham Krushevski, as seller, and Thomas N. Musser, doing business as Mus-Tay Realty Company, as agent, for breach of a contract for the sale of a certain parcel of ground on Florida Avenue in the City of New Orleans. Defendant Musser answered the petition denying liability and, assuming the position of plaintiff in reconvention, prayed for damages against Schroeder. Alternatively, he made a third party demand against Krushevski for his commission due under the contract. Krushevski also denied liability and reconvened against Schroeder alleging that Schroeder had breached the contract. The trial court rendered judgment in favor of plaintiff Schroeder against Musser and Krushevski, in solido, for $1,235.25, and dismissed all of the other demands. Both Musser and Schroeder have appealed.
On January 28, 1964, Schroeder offered through Musser to purchase the property from Krushevski for $1.75 per square foot (or approximately $11,900) conditioned on his ability to secure a mortgage loan of $7,000 on the property. Krushevski accepted the offer on the same day, and Schroeder deposited $1,190, ten percent of the purchase price, with Musser as required by the contract.
Plaintiff then applied to Union Savings and Loan Association for a loan on the property. By letter dated February 17, 1964, the Association notified plaintiff that a loan had been approved for $6,600, subject to title approval by the Association's attorneys. On that day, Henry C. Schonberg, Vice President of Union Savings and Loan, who handled the application, ordered a survey of the property. The survey indicated an apparent servitude in favor of the New Orleans Sewerage and Water Board running across the entire width of the property from the front line to a depth of approximately 38 feet. The servitude accommodated a six-inch water line, a ten-inch drainage line, and a 42-inch forced main. Upon receipt of this information, Schonberg advised plaintiff on February 25, 1964, that the servitude made it impossible to complete the loan. Union later billed plaintiff $45.25 for the cost of the survey and various certificates.
Plaintiff testified that after being notified of rejection of the loan he then applied to two other lending agencies but was unable to secure a loan. He subsequently demanded return of his deposit of $1,190 from Musser and from Krushevski both of whom refused.
There is no question of the validity of the servitude. It was judicially recognized in a suit between Krushevski's predecessor in title, one Charles W. Harris, and the Sewerage and Water Board in the case of Harris v. Smith, No. 353-570, Civil District Court for the Parish of Orleans. Plaintiff inquired about the servitude at the Sewerage and Water Board Office and was advised that the Board considered itself entitled to dig up and work on the lines at any time it felt necessary.
*643 Plaintiff's petition prayed for damages in the amount of $2,380, being double the amount of the deposit, plus costs, interest, and attorney's fees. The judgment of the trial court awarded him $1,190, representing the return of his deposit, and $45.25, representing the cost of his loan application to Union Savings and Loan Association. His appeal assigns as error the failure of the trial court to base the quantum of the award on twice the amount of the deposit as liquidated damages. The pertinent provisions of the contract provide:
"This sale is conditioned upon the ability of purchaser to borrow upon this property as security the sum of $7000.00 by a mortgage loan or loans at a rate of interest not to exceed 6½% per annum * * *
"Should purchaser, seller or agent be unable to obtain the loan stipulated above within ____[1] days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.

* * * * * *
"The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof.

"In the event the seller fails to comply with this agreement within the time specified or for any other reason, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option." (Emphasis added.)
There was some attempt at trial to show that the suspensive condition of Schroeder's being able to secure a loan for the full $7,000 as provided in the contract was never fulfilled and that the contract failed for that reason. However, Schroeder testified that he was willing to complete the act of sale based on the loan for $6,600. Since the condition was for his benefit, he had the right to forego part or all of its protection.
Our analysis of the facts brings us to the conclusion that the loan was obtained within the meaning of the contract and that the agreement to purchase was rendered null and void when it became clear that Krushevski was unable to deliver a merchantable title because of the existence of the servitude. At that time Schroeder was entitled to a return of his deposit from the holder, the real estate agent Musser.
We can find nothing in the contract on which to base a penalty award against Krushevski. Plaintiff argues in his brief that once the attempted sale became null, the seller was obligated to return the commission, and his failure to do so rendered him liable for the penalty as stipulated damages for his breach. The fallacy in his argument is the assertion that Krushevski was required to return the deposit to Schroeder. By the clear language of the contract, Schroeder had the right "* * * to demand the return of the deposit from the holder thereof." (Emphasis added.) Musser was the holdernot Krushevski. There is no provision in the contract which makes the seller responsible for returning the money to the purchaser. Krushevski did not breach the contract and did not become liable for the penalty. It is true that Krushevski agreed to sell property to which he did not have a clear title, but by the terms of the contract his delivery of a merchantable title was a suspensive *644 condition the failure of which did not constitute a breach but merely rendered the agreement null and void. The trial court did not err in not awarding plaintiff a penalty judgment against Krushevski.
The judgment of the trial court insofar as it casts the agent Musser for an amount representing a return of the deposit is correct. In his answer to plaintiff's petition and in his testimony, Musser admitted receiving the deposit and refusing to return it. Evidently he still had it at time of trial. On this appeal Musser had addressed his argument only to the dismissal of his reconventional demand against Krushevski for his commission. He has assigned no error in the judgment against himself for the return of the deposit, and we are unable to discover any.
That portion of the trial court's judgment which cast Musser for the $45.25 for expenses incurred by Schroeder in applying for a loan cannot be supported by any legal principel with which we are familiar. The inability of Krushevski to deliver a merchantable title and the resulting nullity of the sale agreement are in no way chargeable to Musser. The judgment must be amended to delete that particular award as to him.
As pointed out above, Musser, on his appeal from the judgment of the lower court, raised the single issue of the dismissal of his alternative third party demand against Krushevski for his commission and for his attorney's fee for collecting the commission. The pertinent portion of the contract provides as follows:
"If this offer is accepted, seller agrees to pay the agent's commission of 6% which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.
"Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all fees and costs incurred in enforcing collection and damages."
The evidence before us establishes conclusively that Krushevski knew of the servitude on the property when he offered it for sale. He signed a survey which clearly showed the servitude when he acquired the property in 1962, and the servitude was specifically excepted from his title insurance policy. He should have made known the existence of the servitude to Musser when he engaged Musser's services as a real estate broker and agent. Krushevski's failure to reveal this material fact to his agent resulted in Musser's attempting to sell a piece of property which was unmarketable.
The commission was earned by Musser when Union Savings and Loan Association first approved Schroeder's application. Under the previously quoted terms of the contract, the lender's commitment to make the loan subject to title approval constituted securing the loan and completed the agent's work. He is entitled to a judgment for his commission computed at six percent of the purchase price, or $714.
In his alternative third party demand against Krushevski for his commission, Musser also prayed for a reasonable attorney's fee, to which he was clearly entitled under the provisions of the contract. The only mention of any amount for the fee is in the last sentence of Musser's brief in this court in which his attorney suggests that $250 would be reasonable. There is no evidence anywhere in the record on which to base a finding of the value of the services rendered. Since Musser failed to offer any proof, we cannot determine a proper award for an attorney's fee, and that portion of his claim should be dismissed as of non-suit without prejudice. LSA-C.C.P. art. 2164.
As pointed out above, Krushevski was cast in judgment in solido with Musser for the return of Schroeder's deposit. Although the views we have expressed above *645 would seem to indicate that we do not think that Krushevski was liable for the return of the deposit, he did not appeal from the judgment of the district court, and it is now final and cannot be disturbed.
For the reasons stated, the judgment of the district court is reversed insofar as it casts defendant Thomas N. Musser for $45.25 for expenses incurred by plaintiff George C. Schroeder, Jr. The judgment is further reversed insofar as it rejects the alternative third party demand of Thomas N. Musser against Abraham Krushevski, and judgment is now rendered in favor of Thomas N. Musser against Abraham Krushevski for $714 as agent's commission plus legal interest from date of judicial demand. Thomas N. Musser's claim for an attorney's fee against Abraham Krushevski is dismissed as of non-suit without prejudice. In all other respects the judgment is affirmed. Costs of this appeal are to be paid by all parties in equal proportion.
Reversed in part; affirmed in part.
NOTES
[1] The original contract signed by both parties leaves this space blank. Plaintiff's copy of the contract, prepared by an employee of Musser, shows a 15-day period in which to secure the loan. None of the parties attach any importance to this discrepancy, nor do we.