193 N.J. Super. 550 (1984)
475 A.2d 91
WAYNE A. SCHULTZ AND KIMBERLY K. SCHULTZ, PLAINTIFFS-APPELLANTS,
v.
HAROLD TOPAKYAN AND BERNICE TOPAKYAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1984.
Decided May 2, 1984.
*551 Before Judges KING, DREIER and BILDER.
Arthur R. Carmano, Jr. argued the cause for appellants.
Andreas A. Boyadjis argued the cause for respondents.
The opinion of the court was delivered by BILDER, J.S.C. (temporarily assigned).
This is an appeal by prospective purchasers of real property from a summary judgment dismissing their action for specific performance. On June 29, 1983 the parties entered into a contract for the sale of a parcel in Morristown for the sum of $83,500. Included in the contract was a mortgage contingency clause which read as follows:
6. Mortgage Contingency. The Buyer agrees to make a good faith effort to obtain a first mortgage loan upon the terms listed below. The Buyer has until[*], 19, to obtain a commitment from a lender for this mortgage loan or to *552 agree to buy the property without this loan. If this is not done before this deadline, and any agreed upon extensions, either party may cancel this contract.
[*] 60 days from the date this contract is signed by all parties.
There is no dispute that the 60 days expired on August 28, 1983.
The purchasers obtained a mortgage commitment on August 25, 1983. However, because they were on vacation, they did not advise the sellers of the mortgage commitment until after August 28th. Notice was given by a letter dated September 1, 1983 which was received by the sellers on September 3, 1983. Meanwhile, on August 29, 1983, the sellers having heard nothing advised the purchasers in writing that they were "not willing to extend ... the time for obtaining the mortgage committment [sic]" and declared the contract void. The purchasers then brought this suit for specific performance.
In denying specific performance, the trial judge noted that the contingency clause contained a time limitation for obtaining a commitment but was silent as to time or method of notice that a mortgage had been obtained. He felt that notice was "necessarily implicit" because without it the parties would not know where they stood. He observed that the general rule is that the time for fulfilling contingencies is "of the essence" and, if not strictly complied with, the contract is voidable. Since there was no notification within 60 days, he entered judgment for the sellers declaring the contract null and void thus freeing the sellers to dispose of their property to a subsequent offeror at a higher price.
The sole issue in this case is whether the 60-day time period in the mortgage contingency clause applies only to obtaining of the commitment or whether it also encompasses notification to the sellers of receipt of that commitment. This is apparently a novel question, at least in New Jersey.
As in all such disputes relating to contract interpretation, our effort must be directed toward determining the parties' intention from the instrument. Stamato v. Agamie, 24 *553 N.J. 309, 315-316 (1957). At oral argument, defendants conceded that the mortgage contingency clause was intended to be an escape clause which would give the buyers the opportunity to avoid the contract if they could not obtain financing. The clause was there also for the partial benefit of the sellers. We have no difficulty in agreeing with the conclusion of the Chancery Division judge that the period for the buyers to obtain a mortgage commitment was limited. The provision that the contract could be cancelled if that deadline was not met expressly made time of the essence.
We cannot, however, agree with his conclusion that the time limit for obtaining the mortgage commitment required notice within the same period. An intention to make time of the essence as to the communication of notice would have to be specifically set forth or, at the very least, clearly implied from an examination of the surrounding circumstances. See Paradiso v. Mazejy, 3 N.J. 110, 114 (1949). As noted, the commitment provision was inserted, in part, to protect the buyers against the consequences of an inability to obtain financing.[1] They were required to pursue that endeavor in good faith. Once a commitment was obtained, the contract became binding upon them, at least as far as the mortgage contingency provision was concerned. Annotation, "Sufficiency of real estate buyer's efforts to secure financing upon which sale is contingent," 78 A.L.R.3d 880, 885 (1977). To imply a requirement of notice in this provision would not only add an element to the parties' bargain but also would add an element that does not advance one of the provision's basic purposes  the protection of the buyers from the consequences of financial incapacity. Lotz v. Hessler, La. App., 369 So.2d 265 (Ct.App. 1979), cert. den. La., 371 So.2d 1343 (Sup.Ct. 1979). Moreover, we note that the implication of a requirement of notice within the 60 days would *554 result in a forfeiture of the buyers' rights. This is a result abhorred by equity. Bertrand v. Jones, 58 N.J. Super. 273, 281 (App.Div. 1959).
We hold that in the absence of a specific written provision for notice the buyers fulfilled the contingency when they received a commitment within the 60 days and in a reasonable time notified the sellers that a mortgage commitment had been obtained. See River Development Corp. v. Liberty Corp., 45 N.J. Super. 445, 464 (Ch.Div. 1957), aff'd 51 N.J. Super. 447 (App.Div. 1958), aff'd 29 N.J. 239 (1959). Because notice was given within three days, reasonableness was beyond legal dispute. We also note that the imminence of the forthcoming commitment actually had been conveyed orally to the sellers' attorney a day or two before its receipt on August 25.
Reversed and remanded for entry of judgment for specific performance in favor of plaintiffs.
NOTES
[1] The contingency clause also served the sellers enabling them to return the property to the marketplace promptly if their buyers could not proceed.