712 A.2d 238

RICHARD MALUS AND ROSEMARIE MALUS, PLAINTIFFS–RE-SPONDENTS, v. KENNETH HAGER AND JEAN HAGER, DE-FENDANTS–APPELLANTS, v. RAYMOND A. LAYTHAM, ESQ., DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1998—Decided June 16, 1998.

Before Judges BAIME, WEFING and BRAITHWAITE.

*E. Richard Kennedy* argued the cause for appellants (*E. Richard Kennedy*, attorneys; *Karyn A. Kennedy*, of counsel and on the brief).

*James Nardelli* argued the cause for respondents (*Parsons, Cappiello & Nardelli*, attorneys; *Mr. Nardelli*, on the brief).

The opinion of the court was delivered by

WEFING, J.A.D.

Defendants Kenneth and Jean Hager appeal from the trial court's grant of summary judgment in favor of plaintiffs Richard and Rosemarie Malus. We reverse.

The parties executed a contract dated March 3, 1996 under which plaintiffs agreed to purchase the Hagers' home in Tinton Falls, New Jersey for $140,000. Their contract contained a clause for attorney review; both parties were represented by counsel. Plaintiffs paid a deposit of $7,000, held in the trust account of Hagers' attorney. Paragraph C(iii) of the contract reads in pertinent part:

IF PERFORMANCE BY BUYER IS CONTINGENT UPON OBTAINING A MORTGAGE. The Buyer agrees to apply immediately for a mortgage loan. . . . The amount of the mortgage loan required by the Buyer is $133,000 and will be

what is commonly known as the (Conventional) 30 year direct reduction plan with interest at no more than PREV % [prevailing rate].... *IF THE BUYER FAILS TO OBTAIN SUCH MORTGAGE COMMITMENT OR FAILS TO WAIVE THIS CONTINGENCY BEFORE 45 Days after attny Review (DATE), THE BUYER OR SELLER MAY VOID THIS CONTRACT BY NOTIFYING THE OTHER PARTY WITHIN TEN (10) CALENDAR DAYS OF THE EXPIRATION OF THE AFOREMENTIONED DATE.... IF THE BUYER OR THE SELLER DOES NOT SO NOTIFY THE OTHER PARTY WITHIN THIS SPECIFIED TIME PERIOD, THE BUYER AND SELLER WAIVE THEIR RIGHTS UNDER THIS SECTION TO VOID THE CONTRACT.*

Paragraph 25 of the contract provides in pertinent part:

*FAILURE OF BUYER OR SELLER TO SETTLE:*

In the event the Seller willfully fails to Close in accordance with this Contract, the Buyer may commence any legal or equitable action to which the Buyer may be entitled. In the event the Buyer fails to Close in accordance with this Contract, the payments made on account, at the Seller's option, shall be paid to the Seller as liquidated damages, or the Seller may commence any legal or equitable action to which the Seller is entitled, applying to such action the monies paid by the Buyer on account of the purchase price. Liquidated damages means the Seller will keep the money paid on account and not commence any legal action for the Buyer's failure to Close....

Plaintiffs applied for a mortgage loan in accordance with paragraph C(iii) and, within the forty-five day period, obtained a commitment from Chase Manhattan bank for a mortgage loan.

The closing was scheduled to take place on July 15, 1996. On July 11, 1996, plaintiff Richard Malus was terminated, not for cause, from his employment. On July 12, 1996, defendants, unaware of this development and expecting the closing to take place on July 15, moved out of the home at Tinton Falls and placed certain of their belongings in storage until they were able to complete their own relocation.

Under the terms of Chase Manhattan's mortgage commitment, it retained the right to cancel the commitment letter "[i]f prior to funding, your financial condition or employment status adversely changes...." In light of Mr. Malus's loss of employment, Chase exercised its rights under that reservation and declined to fund the mortgage.

Mr. and Mrs. Malus sought return of their $7,000 deposit. When Mr. and Mrs. Hager declined, this lawsuit resulted.

The trial court granted summary judgment to the plaintiffs on the basis of *Northeast Custom Homes, Inc. v. Howell,* 230 *N.J.Super.* 296, 553 *A.*2d 387 (Law Div.1988). Plaintiff in that case was a custom builder and it prepared a contract defendants executed on January 24, 1987 for the purchase of a home then under construction for $857,486. Defendants were not informed of a right to have the contract reviewed by an attorney but were, after the contract was executed, referred to an attorney to assist in preparation for the closing. Defendants gave a deposit of $85,748. The contract stated it was "contingent upon buyer obtaining a conventional mortgage ... within 45 days...." Defendants obtained a timely mortgage commitment but Mr. Howell was terminated from his job approximately two weeks after the commitment was issued. His employer had advanced the deposit money and demanded its repayment. The lender then withdrew its commitment, based upon the change in his employment status. Northeast later sold the property for $835,000, a loss slightly in excess of $20,000. The parties commenced litigation over entitlement to the $85,748 deposit the Howells had previously made. The trial court in that case concluded that the Howells were entitled to the return of the deposit. In doing so, it construed "the mortgage contingency clause to mean that not only the mortgage commitment but also the availability at closing of the mortgage proceeds together constitute the condition precedent to the purchasers' obligation to perform." 230 *N.J.Super.* at 304, 553 *A.*2d 387.

We disagree with that construction for its result is to place the parties in an intolerable state of limbo until the closing is finally consummated. Contracts such as these set firm deadlines for the occurrence of specified events in order that the parties are able to plan and to act with confidence that after a certain point there is an enforceable agreement. Confusion and uncertainty can only result from extending, as a matter of law, the mortgage contingency clause to the date of closing.

We need not speculate whether the trial court in *Northeast* felt compelled to construe the contract in that manner in recognition

that "[t]o hold otherwise would result in a severe forfeiture or penalty." *Ibid.* See, in that regard, the later decided case *Kutzin v. Pirnie,* 124 *N.J.* 500, 591 *A.*2d 932 (1991), in which the Supreme Court held that a seller may be obligated to return to a defaulting buyer that portion of the deposit that exceeds the seller's damages. We note that in this case, although the Hagers were later able to resell their home at the same contract price, that closing did not occur until approximately four months after the initial, scheduled date. The Hagers were responsible for the mortgage, taxes and maintenance on the premises in the interim and also incurred additional moving and storage fees.

If the parties wish to provide in their contract for an eventuality such as this, they are free to do so. We decline, however, to impose the risk of an otherwise firm deal unravelling upon an unknowing and blameless seller, leaving him with no ability to recoup his increased expenses.

We are satisfied that the matter is controlled by Paragraph 25 of the parties' contract. The Maluses having failed to close on this transaction, the Hagers were entitled to retain the deposit.

The judgment of June 4, 1997 is reversed and the matter is remanded for entry of judgment in favor of defendants.