NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5043-16T2

PIDOR DUONG and SOPHY SUN,

      Plaintiffs-Appellants,

   v.

DALE STEIN and ELLEN STEIN,

      Defendants-Respondents.

_____

Submitted June 18, 2018 — Decided July 5, 2018

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No. DC-
002310-17.

Law Offices of David J. Khawam, LLC, attorneys
for appellants (David J. Khawam, on the
brief).

Subranni Zauber LLC, attorneys for respondents
(Scott J. Good, on the brief).

PER CURIAM

    This appeal requires consideration of a mortgage contingency
clause in a real estate contract and whether buyers, who obtained
a mortgage commitment but failed to meet all the lender's

conditions, was entitled to rescission of the contract. Because the factual record leaves no doubt that buyers' failure to comply with all the lender's conditions was not an impediment to closing, we affirm the motion judge's entry of summary judgment in favor of sellers.

This action was commenced in special civil part by plaintiffs Pidor Duong and Sophy Sun (buyers) against defendants Dale and Ellen Stein (sellers) for a return of a $3000 deposit made pursuant to the contract buyers executed, on September 5, 2016, to purchase from sellers a Cherry Hill residence for $295,000. Sellers filed a counterclaim, asserting their entitlement not only to the deposit but also to damages caused by buyers' failure to close.

The parties cross-moved for summary judgment. The motion judge denied buyers' motion and granted sellers' motion. The judge determined that sellers were entitled to the $3000 deposit and $12,000 in damages.

Buyers appeal, arguing:

> I. . . . GENUINE ISSUES OF MATERIAL FACTS EXISTED WHICH SHOULD HAVE PRECLUDED SUMMARY JUDGMENT (Not Raised Below).
>
> II. THE COURT ERRONEOUSLY ASSUMED THAT [BUYERS] AND THEIR BANK COLLUDED TO EXIT THE CONTRACT WITHOUT MERIT NOR [sic] PROOF.

III. THE COURT'S APPLICATION OF THE MALUS[1] HOLDING WAS INAPPOSITE GIVEN THE NATURE OF THE CONTRACT.

IV. THE COURT SHOULD LOOK TO FARREL v. JANIK[2] . . . OR DAVIS v. STRAZZA[3] . . . FOR HOLDING.

We find insufficient merit in these arguments to warrant further discussion. R. 2:11-3(e)(1)(E). We add only the following few comments.

The relevant facts were not in dispute. The contract was conditioned upon buyers obtaining a $236,000 mortgage and imposed on buyers the duty to "supply all necessary information" to the proposed lender. That same provision required that buyers deliver — no later than October 3, 2016 — a written mortgage commitment, while allowing a five-day extension of that deadline. That clause also called for rescission and return of buyers' deposit if buyers were unable to obtain the mortgage commitment. That clause, however, also declared that if:

> the failure to obtain the mortgage commitment is the result of [buyers'] bad faith, negligence, intentional conduct or failure to diligently pursue the mortgage application, then [buyers would not be entitled to the deposit] without the written authorization of [sellers].

---

[1] Malus v. Hager, 312 N.J. Super. 483 (App. Div. 1998).

[2] Farrell v. Janik, 225 N.J. Super. 282 (Law Div. 1988).

[3] Davis v. Strazza, 380 N.J. Super. 476 (App. Div. 2005).

The contract contained the buyers' representation that they had "all necessary cash assets . . . to complete the [c]losing."

It was also undisputed that the parties agreed to a brief extension, and the buyers provided a written mortgage commitment on October 6, 2016. The dispute that inspires the issues before us concerns the fact that two days before the October 17 closing, the lender withdrew the mortgage commitment; its notice advised this action was taken because the buyers lacked sufficient funds to close.

According to buyers' moving certification, the lender's requirements about the source of certain deposited cash was not met because that information was in Cambodia,[4] even though this

---

[4] Buyer Sophy Sun certified that the lender determined her account was "short $10,463" to close the transaction, causing her last-minute communications with her father in Cambodia. She explained that:

> 15. On October 12, 2016, my father gifted me $20,000 which was wired into my bank account. Those funds were to be used to cover the $10,643.
>
> 16. I notified the Bank of the $20,000 gift.
>
> 17. On October 13, 2016, at 6:46 a.m., the day before the Bank required satisfaction of the conditions to the mortgage commitment, the Bank requested additional information to document the $20,000 gift, including, but not limited to, a gift letter which had to be

condition had been made known to buyers when the lender issued its mortgage commitment.

In seeking summary judgment, sellers asserted that the lender's condition was met prior to the closing, as buyers' moving papers acknowledged, and that sellers expressed a willingness to extend the time for closing until October 31. There is no dispute that the buyers declined this extension offer, which would have provided additional time to secure the lender's reinstatement of the commitment, claiming only — without explanation — "it would not benefit either party." Sellers contend the buyers simply chose not to proceed further — that they were concerned about the cost of flood insurance — and attempted to justify their withdrawal from the transaction by the loss of the mortgage commitment.

---

signed by my father and my father's account statements from his bank in Cambodia.

18. At the time of the Bank's request, my father was home in Cambodia, which is eleven (11) hours ahead of Eastern Standard Time. By the time I received the Bank's request, it was after business hours in Cambodia.

19. As a result, I was unable to provide the requested documents before October 14, 2016.

20. On October 14, 2016, the Bank sent me a Notice of Action Taken which denied our loan application.

[Citations omitted.]

There was also no dispute that, on October 28, 2016, buyers contracted to purchase another Cherry Hill residence and obtained a mortgage loan from the same lender. That transaction closed on November 18, 2016. Meanwhile, sellers put their residence back on the market but were unable to sell their property until May 2017. They also realized approximately $17,000 less than they would have had buyers not failed to go to closing in October 2016.

The judge found no relevant factual dispute and concluded that buyers' failure to close the transaction after securing the mortgage commitment warranted a judgment in sellers' favor. He also determined that sellers were entitled to damages, as evidenced by the undisputed fact — among other things — that they realized approximately $17,000 less from a later transaction; the deposit was forfeited to sellers and $12,000 damages were awarded because the special civil part jurisdictional limit permitted no greater award. See R. 6:1-2(a)(1).

We agree that sellers were entitled to summary judgment and affirm in all respects. Buyers provided no sworn statements that would create a genuine issue of fact regarding their failure to close. They rely only on a contention that the lender's withdrawal of the commitment because of the absence of sourcing of a monetary gift justified their withdrawal from the transaction. Even if a good faith failure to meet all the conditions of the mortgage

A-5043-16T2

commitment was a cause for excusing their failure to close — we have held to the contrary, Malus, 312 N.J. Super. at 487 (concluding that an "unknowing and blameless seller" was entitled to damages when a buyer lost a mortgage commitment because he lost his employment two days before closing) — the record one-sidedly reveals that buyers' attempts to justify their failure to meet one of those conditions — all others having been satisfied — was not the real basis for their failure to close. Instead, as the record reveals, even if this was a real concern and not a "dog-ate-my-homework" excuse as it very much appears, the sellers provided buyers with an opportunity to meet that condition and buyers simply chose to walk away and purchase some other property rather than honor their promise to buy. Even at the summary-judgment stage, the buyers' actions here could not be equated with good faith.

    Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION